UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| v. : | No. 2:09-cr-0294-01 |
| : | |
| MICKAL KAMUVAKA : | |

**O P I N I O N**
Defendant's Motion for Sentence Reduction, ECF No. 462– Denied

**Joseph F. Leeson, Jr.**                                                                                     May 31, 2023
**United States District Judge**

## I.   INTRODUCTION

Mickal Kamuvaka seeks compassionate release from her 210-month prison sentence under the First Step Act. *See* ECF No. 462, Mot. She argues that there are extraordinary and compelling reasons to justify her early release. The Court disagrees. For the reasons below, the Court denies Kamuvaka's Motion.

## II.   BACKGROUND

Kamuvaka worked for a private social services agency and was paid to check in on at-risk children who were left at home alone. She engaged in a fraudulent scheme where she billed for home visits that never occurred. One child, who Kamuvaka reported to be visiting, died from starvation.

Kamuvaka was charged, tried, and convicted by a jury of the following: twelve counts of wire fraud; six counts of health care fraud; and a conspiracy to obstruct a matter within the jurisdiction of a federal agency. She was sentenced to 210 months' imprisonment, three years of supervised release, no fine, $1,216,000 in restitution, and a $1,900 special assessment. She was sixty-one years old when she was sentenced and reported to be in good physical health.

Kamuvaka is serving her sentence at the Tallahassee FCI. Accounting for credit for good conduct, she has a projected release date of May 2, 2024. Now seventy-four years old, Kamuvaka has several medical conditions, such as type 2 diabetes, hypertension, and psoriasis; she also uses a walker. While incarcerated, she contracted COVID-19. Since then, she has been fully vaccinated against the virus and received a fourth booster dose of the Moderna vaccine on August 25, 2022.

Kamuvaka has not committed any disciplinary infractions during her time in custody. Instead, she attends religious services and has completed more than thirty educational courses since being incarcerated. On May 31, 2023, she submitted her Motion for early release. The government filed a response in opposition.

### III.     LEGAL STANDARD—The First Step Act—Review of Applicable Law

Congress passed the First Step Act in 2018, in part, to reduce the growing prisoner population in the Federal prison system. *See United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019). Under the First Step Act, a defendant may motion a district court to reduce his sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act does not define what qualifies as "extraordinary" and "compelling," but the United States Sentencing Commission has issued a policy statement addressing the topic.

The policy statement gives four circumstances under which extraordinary and compelling reasons could exist: (1) medical condition; (2) age; (3) family circumstances; and (4) other reasons as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13 cmt. N.1 (A)–(D). The policy statement is not binding on district courts, but "it still sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

If extraordinary and compelling reasons justify the reduction of a defendant's sentence, courts then consider the factors set forth in section 3553(a) and whether the defendant poses a

danger to the safety of any other person or to the community.[1] *See* 18 U.S.C. § 3582(c)(1)(A); *see also id.* § 3142(g) "A defendant has the burden of establishing circumstances warranting his release." *United States v. Neal*, No. 2:08-CR-00628-JMG-5, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020).

IV. ANALYSIS

In her Motion, Kamuvaka gives three reasons that she believes are extraordinary and compelling for her early release. First, she has various medical conditions. Second, she is seventy-four years old. Third, her model behavior in prison. None of these, alone or combined, qualify as extraordinary and compelling reasons. The Court addresses each one in more detail below.

1. *Medical Condition*

Regarding compassionate release for a medical condition, courts generally consider whether the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. N.1.

Kamuvaka argues that her medical condition is serious enough to warrant early release because she has hypertension, diabetes, psoriasis, spinal arthritis, and a bony hip abnormality. She also mentions other concerns, such as suffering from headaches from "long covid," but none of Kamuvaka's medical conditions are serious enough to warrant early release because none of them substantially diminish her ability to provide self-care within the environment of a correctional facility. Moreover, a review of Kamuvaka's medical records reveals that she receives treatment for

---

[1] The factors include (1) the nature and circumstances of the offense and history of the defendant, (2) the need for the sentence to reflect the seriousness of the offense, (3) the kinds of sentences available, (4) the sentencing range established for the offense, (5) any relevant policy statement from the Sentencing Commission, (6), the need to avoid unwarranted sentence disparities among similar defendants, and (7) the need to provide restitution to any victims. *See* 18 U.S.C.A § 3553 (a)(1)–(7).

these conditions.[2] For example, Kamuvaka has been proscribed metformin to treat her diabetes. Although Kamuvaka may have mobility issues, perhaps from the bony hip, she has a walker to assist her in getting around.

In addition to the above medical concerns, Kamuvaka points out that she is more prone to illness if she contracts COVID-19 because of her age and her current physical condition. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). To establish extraordinary and compelling reasons to reduce Kamuvaka's sentence for COVID-19 related concerns, she must show that she "suffers from a serious condition that increases the likelihood of severe consequences from COVID-19." *United States v. Wragg*, No. CR 15-398, 2020 WL 4015204, at *7 (E.D. Pa. July 16, 2020), appeal dismissed sub nom. No. 20-2566, 2020 WL 8373384 (3d Cir. Nov. 17, 2020) (*quoting United States v. Somerville*, No. 12-225, 2020 WL 2781585, at *7, 2020 U.S. Dist. LEXIS 93935, at *18 (W.D. Pa May 29, 2020).

At least one of Kamuvaka's medical conditions does technically put her at high risk for severe illness from contracting COVID-19, namely diabetes. However, Kamuvaka has already contracted COVID-19 and, according to the "RIS coordinator," Kamuvaka "did well clinically." Indeed, as late as February 13, 2023, Kamuvaka's medical records confirm that she "is well-developed, well-nourished . . . is awake, alert, and in no acute distress . . . with normal heart tones . . . [and] [n]o increased work of breathing . . ..". Moreover, she has received the COVID-19 vaccine since recovering from the virus. Kamuvaka does not therefore have the deteriorated physical condition that warrants early release.

**2. *Age***

---

[2]   Kamuvaka attached a number of her own medical records to the Motion, and the government filed a sealed copy of her medical records, too.

Regarding compassionate release for age related reasons, the policy statement indicates that courts may grant early release if the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. N.1.

Kamuvaka argues that she qualifies for early release under this reason because she is seventy-four years old and suffers from the previously mentioned medical conditions. This argument is unpersuasive for the same reasons that her first argument is unpersuasive. The Court acknowledges Kamuvaka's age and that she has several medical conditions. Nonetheless, she has not established that she is experiencing a serious deterioration in physical or mental health as a result. If anything, Kamuvaka is thriving. For example, since being incarcerated, she has successfully completed more than thirty educational courses, including "Civics and Government," "Money Management Skills," and "Crochet." In addition, she has worked for the Recreation Department and "successfully create[d] and execute[d] several plays for Institution Holiday Programs that ha[ve] over the years added a refreshing recreation dimension to [the] Recreation Department."[3]

In sum, Kamuvaka appears to be doing well mentally and physically despite her age. Accordingly, she does not qualify for early release under this reason.

3. ***Other Reasons***

Finally, Kamuvaka points out that she has maintained a "record of clear conduct" since being incarcerated. She highlights the fact that she participates in religious services and has attended numerous courses offered at the correctional facility. She also notes that she is a non-violent

---

[3] This is from one of Kamuvaka's exhibits to her Motion: a letter from an "L. Jackson" with the Recreation Department at FCI/FDC Tallahassee.

offender. All these "other" reasons for release essentially paint her as a model inmate. The Court commends Kamuvaka for her good behavior, but that is precisely what is expected of her. So it does not warrant an early release. *See United States v. Claude*, 504 F. Supp. 3d 460, 462 (E.D. Pa. 2020), aff'd, 16 F.4th 422 (3d Cir. 2021) (explaining that "extraordinary" is something beyond "what is usual, customary, regular or common").

Even if Kamuvaka had established an extraordinary and compelling reason for her early release, the Court would still deny her request under consideration of factors set forth in 18 U.S.C. § 3553(a). Considering the nature and circumstances of the offense and the characteristics of Kamuvaka, early release is not warranted. Specifically, the Court must consider the need for the sentence to reflect the seriousness of the offense. Kamuvaka was charged with very serious crimes that give no reason for shortening her sentence, especially considering she has received credit for good conduct time and is projected to be released in less than a year's time.

## V.   CONCLUSION

In sum, none of Kamuvaka's reasons for early release are extraordinary and compelling, even when considered together - nor is she a candidate for early release when considering factors set forth in 18 U.S.C. § 3553(a).

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
