UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MICKAL KAMUVAKA,                                :
                Petitioner,   :
    v.                                              :    No. 2:09-cr-0294-01
                                                                       :
UNITED STATES OF AMERICA,            :
                Respondent.   :

_____

**O P I N I O N**

**"Motion Seeking an Adjustment In My Post-Incarceration Three (3) Years of Supervision", ECF No. 474 – Denied**

**Joseph F. Leeson, Jr.**                                                              **August 29, 2024**
**United States District Judge**

**I.**    **INTRODUCTION**

Before the Court is Mickal Kamuvaka's "Motion Seeking An Adjustment In My Post-Incarceration Three (3) Years of Supervision in Lieu of 18 U.S.C. § 3582(c)(2)." *See* ECF No. 474. The Government opposes the Motion. *See* ECF No. 478. For the reasons set forth below, the Court will deny Kamuvaka's Motion.

**II.**    **BACKGROUND**

On April 30, 2009, a grand jury returned a 21-count indictment charging Mickal Kamuvaka, among others, with wire fraud, health care fraud, and conspiracy. PSR ¶¶ 1, 2. The indictment arose out of a scheme, led by Kamuvaka, in which her company, MultiEthnic Behavioral Health, Inc. ("MEBH"), contracted with the Philadelphia Department of Health and Human Services to perform certain social services to Philadelphia area families. *Id.* ¶ 24. On numerous occasions, MEBH neglected to provide the services it was contracted for. *Id.* ¶ 51. On August 4, 2006, the extent of this neglect was revealed by the death of D.K., a 14-year-old

girl with cerebral palsy. *Id*. ¶¶ 38-39. When MEBH was contracted to provide her services, it assigned an intern under the supervision of Kamuvaka. *Id*. ¶ 38. When D.K. was ultimately found, "[s]he weighed 42 pounds and had bedsores that were bone deep. According to a medical expert, [D.K.] died as a consequence of severe neglect (including malnutrition, exacerbated by her cerebral palsy), and infection of the bedsores." *Id*. ¶ 39. In the immediate wake of D.K.'s death, Kamuvaka began fabricating records of home visits to D.K. *Id*. ¶ 41. D.K.'s death spurned investigations and eventually, the aforementioned indictment. *Id*. ¶¶ 40-43. On March 3, 2010, a jury sitting before Judge Dalzell found Kamuvaka guilty on all 19 counts. *Id*. ¶ 3. Her Presentence Report, which was adopted by the Court at the sentencing hearing, calculated her Guidelines as follows:

| | |
|---|---|
| Base offense level | 7 |
| Loss amount more than $1,000,000 but less than $2,500,000 USSG § 2B1.1(b)(1)(I) | +16 |
| Conscious or reckless risk of death USSG § 2B1.1(b)(13) | +2 |
| Adjustment for Role in the Offense USSG §3B1.1(a) | +4 |
| Adjustment for Obstruction of Justice USSG § 3C1.1 | +2 |
| Vulnerable Victim Enhancement USSG § 3A1.1 | +4 |
| Total offense level | 35 |
| Criminal history category: | I |
| Final Guideline range: | 168-210 months |

On June 10, 2011, Kamuvaka was sentenced to 210 months imprisonment, three years of supervised release, $1,216,000 in restitution, and a $1,900 special assessment. *See* ECF No. 339. She was released on May 2, 2024, and is presently on supervised release.[1]

---

[1] *See* https://www.bop.gov/mobile/find_inmate/index.jsp.

In her Motion, Kamuvaka seeks a two-point adjustment as a first-time offender. In doing so, she appears to be invoking Amendment 821 relating to zero-point offenders which became effective in November of 2023.[2] That section provides a two-level decrease in a defendant's offense level if he or she meets Section 4C1.1's criteria. *See* U.S.S.G. § 4C1.1(a).[3]

### III. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(2), "a district court may reduce a sentence if two conditions are met: (1) the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017) (quoting 18 U.S.C. § 3582(c)(2)). "Thus, in analyzing a Section 3582(c)(2) motion, a district court must first determine the defendant's eligibility for a reduced sentence and calculate their amended Guidelines range if they are eligible; and second, the court must consider any applicable § 3553(a) factors and determine, in its discretion, whether the reduction is warranted 'in whole or in part under the particular circumstances of the case.'" *United States v. Weiss*, No. CR 20-163, 2024 WL 3623510, at *1 (E.D. Pa. Aug. 1, 2024) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). "Amendment 821 applies retroactively." *United States v. Banks*, No. 19-431-3, 2024 U.S. Dist. LEXIS 36894, at *2 (E.D. Pa. Mar. 4, 2024).

---

[2]  Because Kamuvaka is pro se, the Court is obliged to construe her pleading liberally. *See Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

[3]  Kamuvaka has also filed a letter enclosing an Order of Discharge pursuant to 11 U.S.C. § 727 granted by the Honorable Karen K. Specie, a United States Bankruptcy Judge for the Northern District of Florida. *See* ECF No. 476. Kamuvaka includes the Order insofar as it is relevant to any "action[] regarding payment and status of [her] restitution." *Id.* However, a discharge under Section 727 "does not discharge an individual debtor . . . for any payment of an order of restitution issued under title 18, United States Code." 11 U.S.C. § 523(a)(13).

IV.     **ANALYSIS**

The Court finds Kamuvaka is not entitled to the relief sought for several reasons.  First, while Section 3582(c)(2) provides for the reduction in a defendant's term of imprisonment, Kamuvaka is presently on supervised release.  18 U.S.C. § 3582(c)(2) (stating that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . the court may reduce *the term of imprisonment*") (emphasis added).[4]

Notwithstanding, Section 4C1.1 does not apply because Kamuvaka does not meet its criteria under (a)(4), (a)(9), and (a)(10).  For the adjustment to apply, the offense could not have "result[ed] in death or serious bodily injury."  U.S.S.G. § 4C1.1(a)(4).  Here, the offense resulted in the death of D.K.  PSR ¶ 103.  Further, for the adjustment to apply, the defendant cannot have "receive[d] an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim)."  U.S.S.G. § 4C1.1(a)(9).  Kamuvaka received a Vulnerable Victim enhancement.  *See* ECF No. 362 (N.T. 6/10/2010 at 4:19-23, 17:8-13).  Finally, for the adjustment to apply, the defendant cannot have "receive[d] an adjustment under § 3B1.1 (Aggravating Role)."  U.S.S.G. § 4C1.1(a)(10).  Kamuvaka received that adjustment as well.  *See* N.T. 6/10/2010 at N.T. 4:23-25; PSR ¶ 111.

V.      **CONCLUSION**

---

[4] Further, a motion pursuant to Section 3583, which provides for the early termination of supervised release, would be premature because Kamuvaka has not yet served one year of supervised release as required by the statute.  *See* 18 U.S.C. § 3583(e)(1) ("The court may, after considering the factors set forth in section 3553(a)(1) . . . terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release*.") (emphasis added).

Because Kamuvaka is plainly not eligible for relief under Section 3582(c)(2) and U.S.S.G. § 4C1.1, her Motion is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge